IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALTER C. SMITH, III,
No. 07233-025,
    Petitioner,

vs.                                                                                                                No. 3:17–cv–00566-DRH

T.G. WERLICH

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

*Pro se* Walter C. Smith, III, currently incarcerated in the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Plaintiff seeks to challenge his sentencing enhancements for possession of a firearm and obstruction of justice, citing two recent Supreme Court cases: *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Johnson v. United States*, 135 S. Ct. 2552 (2015).[1] Plaintiff also cites to the Fifth Circuit's recent opinion in *United States v. Hinkle*, 832 F.3d 369 (5th Cir. 2016).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States

---

[1] Petitioner actually cites to *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Welch*, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. Thus, by citing to *Welch*, Plaintiff seeks to challenge his sentencing enhancements under *Johnson*.

District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition, the Court concludes that Petitioner is not entitled to relief. Accordingly, the § 2241 Petition shall be **DISMISSED**.

## BACKGROUND

Petitioner was convicted in the United States District Court for the Southern District of Illinois of conspiracy to possess with intent to distribute cocaine and cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(A), five counts of possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(C), and two counts of possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(A). *See USA v. Smith,* Case No. 3:06-cr-30070-DRH-1 ("Criminal Case"). At sentencing, Petitioner received three sentencing enhancements: (1) a two-level sentencing enhancement for possessing a dangerous weapon during the commission of the offense, in accordance with U.S.S.G. § 2D1.1(b)(1) (Criminal Case, Doc. 188, ¶ 56); (2) a four-level sentencing enhancement for his role as an organizer or leader of an organization, in connection with the offense, in accordance with U.S.S.G. § 3B1.1(a) (Criminal Case, Doc. 188, ¶ 58); and (3) a two-level enhancement for obstruction of justice during the course of the

investigation, prosecution, or sentencing of the underlying criminal offense, in accordance with U.S.S.G. § 3C1.1 (Criminal Case, Doc. 188, ¶ 59).

Petitioner was not sentenced under the Armed Career Criminal Act ("ACCA") or under the career offender provisions of the Sentencing Guidelines. (Criminal Case, Doc. 188, ¶ 68-71 (at the time of sentencing, Petitioner had a single prior conviction for unlawful possession of a controlled substance; Petitioner had a criminal history category of I).

Petitioner was sentenced to concurrent sentences of life imprisonment on three counts and 360 months' imprisonment on five counts. The Seventh Circuit affirmed Petitioner's conviction and sentence on August 13, 2009. (Criminal Case, Doc. 224). He has since had his sentenced reduced to a 292-month term following his motion for a reduction under 18 U.S.C. § 3582(c)(2). (Criminal Case, Doc. 269; 273).

Plaintiff filed a *pro se* Motion to Vacate Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 on July 19, 2010. *See Smith v. USA,* Case No. 10-cv-536-DRH. The Petition was dismissed with prejudice on October 30, 2012.

Although not mentioned in the instant § 2241 Petition, in February 2017, Petitioner filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate under § 2255. In it, Petitioner challenged his sentencing enhancements under the same cases at issue in the instant Petition. The Seventh Circuit denied authorization. (Criminal Case, Doc.

273). In denying authorization, the Appellate Court indicated that the cases cited by Petitioner were not applicable to his convictions or sentence.

## Discussion

A prisoner may employ § 2241, as opposed to § 2255, to challenge his federal conviction or sentence under very limited circumstances. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that Petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Here, Petitioner seeks to challenge his sentencing enhancements in light of *Mathis*,[2] *Johnson*,[3] and *Hinkle*.[4] These decisions are directly or indirectly applicable cases involving ACCA or Career Offender sentencing enhancements.

---

[2] In *Mathis v. United States*, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), the Supreme Court held that an Iowa burglary statute which allowed for a conviction based on entry to a vehicle was too broad to qualify as a "generic burglary" statute. "Generic burglary" requires that the unlawful entry must have been made to a building or other structure. Because the Iowa statute was not "divisible" into distinct elements according to where the crime occurred, the *Mathis* Court held that a conviction under that state law could not be used as a predicate offense to enhance a federal defendant's sentence under the burglary clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). *Mathis*, 136 S. Ct. at 2250-51. At present, it is unclear whether *Mathis* applies to career offender guideline enhancements.

[3] In *Johnson*, the Supreme Court ruled on a section of the ACCA known as the "residual clause," which provided a definition of "violent felony." Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces a mandatory minimum sentence of 15 years if he has three prior convictions for "violent felonies." 18 U.S.C. § 924(e)(1). The ACCA residual clause provided that a violent felony was one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court held that this clause was "unconstitutionally vague." 135 S. Ct. at 2557. In doing so, the Court necessarily found the clause "vague in all its applications," *id*. at 2561, and concluded that "[i]ncreasing a defendant's sentence under the clause denies due process of law," *id*. at 2557. Subsequently, in *Welch v. United States*, the Court held that Johnson applies retroactively to defendants whose sentences were enhanced under the ACCA's residual clause. 136 S. Ct. at 1265.

[4] In *Hinkle*, the Fifth Circuit extended the Supreme Court's rationale in *Mathis v. United States*, 136 S. Ct. 2243 (2016), to predicate drug offenses under the Career Offender Guidelines.

Petitioner did not receive a sentencing enhancement under either the ACCA or the Career Offender Guidelines. As such, these decisions are not relevant to Petitioner's conviction or sentence. Indeed, the Seventh Circuit confirmed this when it denied Petitioner's application seeking authorization to file a successive § 2255 Petition. (Criminal Case, Doc. 273 (stating that *Mathis* and *Johnson* are "inapplicable to [Petitioner's] conviction and sentence" and *Hinkle* "does not appear relevant to [Petitioner's] convictions or sentence.").

Because *Mathis, Johnson,* and *Hinkle* are not applicable to Petitioner's conviction or sentence, he cannot rely on these decisions to establish a "fundamental defect" in his conviction or sentence. Accordingly, this action does not satisfy the conditions to be considered in a § 2241 proceeding under the savings clause of § 2255(e) and is subject to dismissal.

## **Disposition**

To summarize, Petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, he cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the Petition is summarily **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If

Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Signed this 11th of August, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.08.11 15:54:00 -05'00'

**UNITED STATES DISTRICT JUDGE**